UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 17-020-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CURTIS PARKS | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Curtis Parks stands accused of a single count of harboring or concealing a fugitive in violation of 18 U.S.C. § 1071. [Record No. 7] Parks acted as a driver for Samuel Girod, a member of the Amish community in Bath County, Kentucky, and is alleged to have done so while Girod was subject to an arrest warrant issued by this Court. [Record No. 1-1; *see* Lexington Criminal Action No. 5: 15-87-DCR] Despite knowledge of the warrant, Parks is accused of taking certain actions to help Girod evade capture.

I. **Defendant's Argument**

Parks has moved *in limine* to exclude from trial any evidence identifying the underlying charges faced by Girod. [Record No. 33] Parks argues that, while he was aware that Girod had an outstanding warrant, "his knowledge was that the offense related to 'chic weed.'" [*Id.* at 2] Further, because "[t]here is no requirement that the defendant know the reason for the warrant or the charges to which the warrant relates," Parks wishes to exclude that information. [*Id.*] Parks believes that mention of Girod's charges of "'obstruction' and/or 'intimidation'" could be prejudicial "to a great degree" to the jury's perception of whether he assisted Girod

with the intent of helping him avoid his arrest. [*Id.* at 3] Accordingly, Parks seeks a limiting instruction that evidence of Girod's outstanding warrant be limited to the fact of the warrant, with any mention of the underlying charges barred.

The defendant also seeks to exclude any mention of the fact that he was carrying a concealed weapon at the time of his apprehension. [Record No. 33 at 3] Parks argues that he is a responsible gun owner, trained and educated in proper gun care, ownership and handling, and that he was properly licensed to carry and conceal the firearm.* [*Id.*] Parks contends "there was certainly no criminal intent behind his ownership and concealing of the gun," and "[t]here is no evidence the gun was ever brandished, used to threaten[,] or has any relation whatsoever to the offense[,] other than it was on the Defendant's person at the time of arrest." [*Id.* at 3-4]

**II.     Government's Response**

The United States opposes Parks's motion. [Record No. 34] Regarding the underlying charges faced by Girod, it argues that explaining the nature of those charges "is plainly relevant to the case." [*Id.* at 1] Specifically, Girod's charges are relevant and properly admissible as background evidence—"the general nature of the charges that prompted Mr. Girod to flee is a natural part of the story." [*Id.* at 2] Further, the government believes that Girod's twelve-count indictment, including three obstruction of justice charges, is relevant to the defendant's "intent and motive in providing assistance to Mr. Girod." [*Id.* at 2] And because the conduct at issue relates to a third party, rather than the defendant himself, the government believes that concern of unfair prejudice under Rule 403 of the Federal Rules of Evidence is minimal.

---

* Parks includes as an exhibit a photo-copy of his Concealed Deadly Weapons License issued by the Commonwealth of Kentucky. [Record No. 33-1]

With respect to Parks's firearm possession, the United States argues that an individual's "[decision] to carry a weapon—even if legally permitted to do so—while transporting a known federal fugitive, is potentially relevant to a charge under 18 U.S.C. § 1071[.]" [*Id.* at 3] Particularly, the defendant's carrying of a firearm may be relevant to his intent. [*Id.*] Nonetheless, the United States does not plan to introduce evidence of the firearm in the defendant's possession unless Parks testifies, in which case it may cross-examine him regarding his habits of carrying the firearm. [*Id.*] The government believes that any unfair prejudice will be minimal because the firearm was lawfully possessed. [*Id.*] The United States has the better arguments under the facts presented. Therefore, the defendant's motion will be denied.

### III. Discussion

#### a. Underlying Charges

Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Under the rule, the underlying charges faced by Girod are relevant. Specifically, a conviction under 18 U.S.C. §1071 requires proof of a defendant's intent. The fugitive's underlying charges are relevant to establish Parks's intent and motive. *See United States v. Robinson*, 908 F. Supp. 2d 753, 759 (W.D. Va. 2012) ("The nature and severity of the underlying charges is probative of their intent and motive in their behavior towards [the fugitive]."). Parks's willingness to stipulate to the existence of a warrant does not mitigate that relevance. *See id.* ("[T]he nature of the warrant in the present case has probative value beyond the mere fact of the warrant's existence."). In short, Girod's charges "complete[] the story of the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th

Cir. 2000) (discussing admissibility of relevant background information); *see also United States v. Marrero*, 651 F.3d 453, 471 (6th Cir. 2011) (applying *Hardy*). This is especially true, as the United States points out, because evidence at trial is expected to show that Parks made comments to law enforcement officers about the merits of the underlying case against Girod. [Record No. 34 at 2]

Notwithstanding the relevance of this evidence, it may still be excluded. Rule 403 provides that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Parks believes that the mention of Girod's "'obstruction' and/or 'intimidation'" charges could be prejudicial "to a great degree" and, therefore, should be excluded. [Record No. 33 at 3] The Court disagrees.

The underlying conduct of a third party does typically raise a heightened concern under Rule 403. *See Robinson*, 908 F. Supp. 2d at 759 ("The criminal conduct at issue in the present case is that of a third party and therefore does not raise the same concerns about the introduction of improper and unfair character evidence against these defendants."). Moreover, as the United States argues, misbranding and obstruction of justice do not carry the same concerns of unfair prejudice as, for example, narcotics offenses or crimes of violence. All things considered, any possible prejudice does not substantially outweigh the evidence's probative value.

      **b.**     **Possession of a firearm**

Exclusion of the firearm tracks largely the same analysis as above. However, Parks also attempts to seek refuge under the holding of *Old Chief*. *Old Chief v. United States*, 519

U.S. 172 (1997), dealt with a criminal defendant charged with being a felon in possession of a firearm. The Supreme Court held that the defendant should be permitted to stipulate to his prior conviction because allowing evidence of that conviction would constitute unfairly prejudicial *propensity* evidence. *Id.* at 181-82. Parks argues that "if the Supreme Court is willing to exclude it [sic] even in cases of a felon in possession, it certainly has no probative value in a case such as this where the gun is completely unrelated and inconsequential to the crime for which he is charged." [Record No. 33 at 4] This attempted parallel is unconvincing.

Stipulating to a prior felony conviction is hardly analogous to excluding evidence of a firearm possessed in relation to the *present* charge. And whatever parallel may be drawn, the Sixth Circuit has expressly limited *Old Chief*'s application to the facts if that case—stipulating to a past felony conviction. *United States v. Luck*, No. 15-5746, 2017 WL 1192899, at *1 (6th Cir. Mar. 31, 2017) (rejecting attempt to expand *Old Chief* beyond "cases involving proof of felon status").

The issue remains whether Parks's (otherwise lawful) possession of the firearm is relevant to the underlying charge of harboring a fugitive, and whether it is unfairly prejudicial. Parks argues that the "mere evidence of a gun in a defendant's possession may lead some jurors to assume criminal intent or criminality." [Record No. 33 at 4] He asserts that "there is no evidence the gun was ever brandished, used to threaten, or had any relation whatsoever to the offense other than it was on the Defendant's person at the time of arrest." [*Id.*] Of course, as government contends, the defendant's "habit and frequency of carrying the weapon" may be relevant to his intent. [*Id.*]

Ultimately, the jury will be in the best position to determine what weight, if any, Parks's firearm possession should be given. If the government chooses to introduce this evidence,

Parks will be free to make all of the arguments he makes here to the jury—that the gun was lawfully possessed and carried, and that it was never brandished or used to threaten anyone in relation to his association with Girod. The Court agrees with the United States that concerns of unfair prejudice are mitigated by the very fact that Parks's possession and concealment of the firearm was lawful. And because the possession may be relevant to the defendant's intent in harboring and/or concealing Girod, the Court finds that the probative value outweighs any danger of unfair prejudice.

## IV. Conclusion

Parks seeks to exclude evidence that is relevant to the charged offense, and he has not made the necessary showing to warrant its exclusion under Rule 403. Should this evidence be introduced at trial, the jury will be left to weigh it consistent with its duty. Accordingly, it is hereby

**ORDERED** that the defendant's Motion in Limine [Record No. 33] is **DENIED**.

This 17th day of April, 2017.



Signed By:
*Danny C. Reeves* DCR
United States District Judge